ENK *v.* BROOKLYN CITY R. CO.

(*Supreme Court, General Term, Second Department.* May 9, 1892.)

1. RAILROAD COMPANIES—INJURIES TO PERSON ON TRACK—EVIDENCE.

Plaintiff's testator, while walking with his wife and child along defendant's single-track dummy line at night, signaled a west-bound train approaching from the rear to stop, which it did not do at once, but ran out on a siding near to allow an east-bound train to pass. The wife and child crossed the main track at right angles, and reached the train on the siding in safety, but decedent walked diagonally along the main track, and was struck by the east-bound train and killed. Deceased could have seen the train, which was furnished with a headlight, if he had looked. *Held*, that he was guilty of contributory negligence, and could not recover.

2. SAME—SOUNDING BELL OR WHISTLE.

There was no obligation on defendant to sound a whistle or bell at the siding, the same being at neither a station nor road crossing.

Appeal from circuit court, Kings county.

Action by Elise Enk, executrix of August Enk, deceased, against the Brooklyn City Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Moore & Wallace,* (*Thomas S. Moore,* of counsel,) for appellant. *Julius Klamke,* (*A. H. Dailey* and *J. D. Bell,* of counsel,) for respondent.

DYKMAN, J. This is an action for the recovery of damages resulting from the death of August Enk, caused by the negligence of the defendant. The cause was tried at the circuit before a jury, and a verdict was rendered in favor of the plaintiff, and from the judgment entered upon that verdict, and from the order denying a motion for a new trial on the minutes of the court, the defendant has appealed. The defendant operates a single-track railroad upon Cypress avenue, in Queens county, some distance beyond the limits of the city of Brooklyn, by dummy engines, and at intervals along the road there are sidings or turnouts to permit the passage of trains. Cypress avenue, where this accident occurred, is an ordinary country road, and the trains of the defendant stop on signals for passengers. About half past 8 o'clock in the evening of his death the deceased left a saloon near Austin's station, on the avenue, with his wife and child, intending to take a train upon the defendant's road for Brooklyn. As they were walking along the side of the track a train passed them, and he raised his hand as a signal for it to stop. It was going towards Brooklyn, but, instead of stopping, it proceeded a short distance, and ran onto a siding to permit another train to pass, which was then coming from the city of Brooklyn. His wife and child continued on

and crossed the main track, and boarded the standing train in safety. He undertook to cross the main track diagonally, and was struck by the passing train, and instantly killed. There is no proof of any disarrangement or disorder on the railroad. The place where the deceased met his death was neither a crossing nor a station, and he was not a passenger. The company owed him no especial duty, and there is no proof of negligence or carelessness in the operation of either of the trains. The train which struck the deceased had the right to pass the other where it did, and the siding was made for that purpose. The train had just left a crossing, and was moving at a moderate rate of speed. It was furnished with a headlight, and, as soon as the engineer saw the deceased, he used every means to stop the train, and did arrest the speed almost instantly. We find no testimony in the case sufficient to charge the defendant with negligence. On the other hand, we find proof of heedlessness and inconsideration on the part of the deceased. He evidently ran against the engine when he could have seen the headlight by looking, because the engineer of the down train ran out on the siding because he saw the up train which struck the deceased, three blocks away, and his train was upon the siding when the deceased was killed. If he had looked towards the approaching train he would have seen it, for his vision in that direction was unobstructed for a thousand feet. There was no obligation to sound a bell or whistle. Neither train was at a crossing or station. One had retired to a side track to allow the other to pass, and the other was passing, and both were orderly and regular. We think the motion to dismiss the complaint should have been granted, and that the judgment and order denying a motion for a new trial must be reversed, and a new trial granted, with costs to abide the event. All concur.